ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERESA A. HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-135 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Teresa A. Horton ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") payments under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based on claims of disability dating back to November 3, 2003, Plaintiff filed for DIB on July 9, 2004. Tr. ("R."), p. 12. Her application was denied initially and on reconsideration. R. 23-28, 31-34. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 18, 2007. R. 388-405. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel. R. 388. On January

25, 2008, the ALJ issued an unfavorable decision. R. 12-19. Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since November 3, 2003, the alleged onset date. 20 C.F.R. §§ 404.1520(b) & 404.1571 *et seq.*

2. The claimant has the following severe impairments: degenerative lumbar disc disease, status-post bilateral carpal tunnel releases, coronary atherosclerotic heart diseases, status-post coronary artery bypass graft X 3, hypertension, and obstructive sleep apnea. 20 C.F.R. § 404.1520(c).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. 20 C.F.R. §§ 404.1520(d), 404.1525 & 404.1526.

4. The claimant has the residual functional capacity ("RFC") to perform light work,[1] except that she can only occasionally climb ramps and stairs, and she can never climb ladders, ropes, and scaffolds. The claimant is able to perform past relevant work as a debit insurance salesperson, which does not require the performance of work-related activities precluded by her residual functional capacity. 20 C.F.R. § 404.1565.

R. 14-19. Because the ALJ determined that Plaintiff had the ability to perform past relevant

---

[1] Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

2

work, the sequential evaluation process stopped, see 20 C.F.R. § 404.1520(a)(4)(iv), and the ALJ concluded that Plaintiff was not "under a disability, as defined in the Social Security Act, from November 3, 2003, through the date of this decision." R. 19.

When the Appeals Council ("AC") denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having failed to convince the AC to review her case, Plaintiff filed the current civil action in the United States District Court for the Southern District of Georgia, requesting a reversal or remand of the adverse decision. Specifically, Plaintiff contends that the ALJ erred in (1) rejecting the opinions of Plaintiff's treating physicians, (2) discrediting her subjective complaints of pain, and (3) improperly characterizing the physical demands of her prior work. (See generally doc. no. 6) (hereinafter "Pl.'s Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial

evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Opinions of Plaintiff's Treating Physicians

Plaintiff's first argument is that the ALJ improperly rejected the opinions of Dr. Michael J. Cohen, Dr. Jay A. Tomeo, and Dr. Dennis A. Williams, who Plaintiff began seeing following her accident in November 2003 that caused her alleged inability to work. Specifically, Plaintiff argues that the ALJ erred in rejecting Dr. Cohen's opinion because Dr. Cohen had treated Plaintiff and had objective criteria to support his findings, though Plaintiff acknowledges that these criteria were not specified in Dr. Cohen's statements. (Pl.'s Br., p. 7). Plaintiff also argues in summary fashion that the ALJ erred in rejecting the opinions of Dr. Williams and Dr. Tomeo because they both examined Plaintiff and were able to conclude, based on their observations and physical examinations, that Plaintiff was unable to return to work. (Id. at 7-8). On the other hand, Defendant argues that the ALJ properly rejected these opinions because they were not supported by the reported objective findings and were inconsistent with other evidence in the record. (Doc. no. 9, pp. 11-12) ("Comm'r's Br.").

In his opinion, the ALJ discussed the opinions rendered by Dr. Cohen, Dr. Tomeo, and Dr. Williams at length. Dr. Cohen actually rendered two opinions, both of which were considered and rejected by the ALJ. As explained in the ALJ's opinion, Dr. Cohen opined in an attending physician's statement from 2004 that Plaintiff's functional capacity was severely limited and that Plaintiff was "totally disabled from any occupation." R. 18, 200. In rejecting this opinion, the ALJ noted that Dr. Cohen had admitted that Plaintiff's work-up was "still . . . in progress, that he did not know the etiology of her impairments, and that he did not know whether to expect any change in her condition." R. 18, 201. The ALJ went on to find that Dr. Cohen's 2004 opinion was "overbroad, . . . not accompanied by sufficient specific findings and

5

recommendations, and . . . not entitled to any special weight." R. 18. The ALJ then discussed Dr. Cohen's second opinion, rendered in February 2005, which again described Plaintiff as having a severely limited functional capacity and as "totally disabled from her regular occupation" because she had trouble walking, standing, and sitting. R. 18, 253. The ALJ refused to give this opinion any special weight either, noting that it was "overbroad, . . . not accompanied by specific findings, and [made] no attempt to explain why the claimant would be unable to perform specific work functions . . . ." R. 18.

As to the opinion of Dr. Williams, the ALJ noted that Dr. Williams, who saw Plaintiff only once for an "independent medical evaluation," had determined that Plaintiff could not "perform her [former] job duty" and that "her prognosis was poor for ever regaining gainful employment." R. 18, 257. On the other hand, the ALJ noted that Dr. Williams had reservations about this opinion, noting that Dr. Williams had admitted that he was "unsure of [Plaintiff's] physical capacities" since he did not have Plaintiff's functional capacities evaluation. R. 18-19, 256-57. In rejecting Dr. Williams' opinion, the ALJ relied on the fact that Dr. Williams saw Plaintiff only once and, as noted above, had his own reservations about the basis for his opinion. R. 19.

Finally, the ALJ acknowledged that the record contained "a brief handwritten statement" from Dr. Tomeo, whom the ALJ describes as Plaintiff's "treating family doctor." R. 19. In this note, Dr. Tomeo stated that Plaintiff would be unable to perform the duties of any occupation and that he expected her condition to be "lifelong." R. 19, 366. In rejecting this opinion, the ALJ noted its conclusory nature and the fact that it offered "no explanation of why [Plaintiff] would be prevented from performing specific requirements of work" like sitting and standing. R. 19.

With those opinions in mind, the Court turns to the standards used to evaluate a treating physician's opinion. It is well-settled in the Eleventh Circuit that a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). That having been said, the Commissioner is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Finally, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. §§ 404.1527(e) and 416.927(e).

Here, the Court finds that the ALJ's decision to reject the opinions of Dr. Cohen, Dr. Williams, and Dr. Tomeo is supported by substantial evidence. As noted above, Dr. Cohen, an internist with a specialty in rheumatology, opined in an attending physician's statement in 2004 that Plaintiff's functional capacity was severely limited and that Plaintiff was "totally disabled [from] any occupation." R. 200. At the same time, however, he acknowledged that

Plaintiff's work-up was not complete and that he did not know the etiology of her impairments. R. 201. On February 9, 2005, Dr. Cohen completed another attending physician's statement, in which he repeated his opinions that Plaintiff's functional capacity was severely limited and that, based on Plaintiff's trouble walking, standing, and sitting, she was "totally disabled from her regular occupation." R. 253.

As noted by the ALJ, Dr. Cohen's opinions were conclusory and made no reference to specific evidence to support his finding that Plaintiff was unable to work. Although his first opinion discussed above is undated, it was apparently made sometime between June and October 2004, as the statement notes that Plaintiff's last visit was on June 8, 2004 and that her next visit was scheduled for October 6, 2004. R. 199. Dr. Cohen's second opinion was rendered in February 2005. However, the only medical tests identified by Plaintiff as supporting Dr. Cohen's opinions were performed after he rendered those opinions. Specifically, Plaintiff points to an abnormal nerve conduction test performed in June 2005 and an MRI performed in May 2006 that showed an "extension of disc material into the caudal aspect of the neural foramina bilaterally" at the L4-5 region. R. 344. This same MRI found a "central disc bulge/small protrusion" at the L5-S1 region and "[s]light contact" with the S1 nerve. Id.

While these tests may ultimately provide support for Dr. Cohen's opinions, they were not in existence at the time Dr. Cohen rendered his opinions. Rather, in stating that Plaintiff's work-up was still in progress in his 2004 attending physician's statement, R. 201, Dr. Cohen essentially admits that he did not have objective medical evidence to support his opinion. Moreover, other medical evidence in existence at the time Dr. Cohen rendered his opinions contradicts those opinions. Indeed, an MRI performed in December 2003 showed no evidence

8

of disc herniation or stenosis and that any degenerative changes in Plaintiff's condition were mild. R. 150. A repeat MRI performed in 2004 showed a slight bulge at the L4-5 region, but the defect was considered to be stable. R. 155, 159. Furthermore, a needle examination of the left lower extremity performed in March 2004 showed only trace active denervation. R. 159. Thus, the Court concludes that substantial evidence supports the ALJ's decision to reject Dr. Cohen's opinions, as they were merely conclusory and contradicted by medical evidence in existence at the time he rendered his opinions.

With respect to Dr. Williams' opinion that Plaintiff's functional capacity was severely limited and that she would not likely ever be gainfully employed, the ALJ recognized that this physician examined Plaintiff only once for an independent medical evaluation. Indeed, Plaintiff admits in her brief that she only saw Dr. Williams "in consultation." (Pl.'s Br., p. 8). Therefore, Dr. Williams' opinion is not entitled to special weight as a treating physician's opinion. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (finding that doctors' opinions were "not entitled to deference because as one-time examiners[,] they were not treating physicians"); see also Milner v. Barnhart, 275 Fed. App'x 947, 948 (11th Cir. 2008) (concluding that the ALJ did not err when he accorded little weight to a doctor's opinion where doctor had treated claimant only once). Thus, the ALJ did not err in not affording this opinion substantial weight, since Dr. Williams may not be considered a treating physician.

Finally, as to Dr. Tomeo's opinion that Plaintiff could not perform her former job duties, the Court notes that this opinion is unsupported by Dr. Tomeo's own medical records. In December 2003, Dr. Tomeo noted that x-rays performed a month earlier showed only minor degenerative changes and that an MRI performed only a week earlier showed only a "slight disc bulge." R. 181. Notably, Dr. Tomeo did not think surgery was warranted at that time,

9

since there was no evidence of fracture, infection, malignancy, or herniated disc. Id. During an office visit several months later, Plaintiff was sitting comfortably and had good lumbar range of motion with no motor loss, and Dr. Tomeo noted that Plaintiff's gait and coordination were normal. R. 179-80. Moreover, while Dr. Tomeo's treatment notes from August 2004 describe Plaintiff's continued complaints of low back and left leg pain, they also note that Plaintiff had good lumbar range of motion and no definite motor or sensory lost. R. 178. Plaintiff's deep tendon reflexes were symmetrical at the knees and ankles, and her straight leg raises and internal-external rotation of the hips were also negative. Id. Given the conclusory nature of Dr. Tomeo's opinion and the fact that it is inconsistent with his own medical records, the Court finds that the ALJ's decision to reject Dr. Tomeo's opinion is supported by substantial evidence. Accordingly, the ALJ's rejection of the opinions of Dr. Cohen, Dr. Williams, and Dr. Tomeo does not provide a basis for remand.

## B.    Subjective Complaints of Pain

Plaintiff also argues that in rejecting the opinions of her treating physicians, the ALJ also rejected her subjective complaints of pain and other symptoms as not credible because she had refused back surgery and epidural injections. Specifically, Plaintiff argues that she had well-founded concerns for resisting invasive treatment because her sister had become paralyzed as a result of invasive procedures performed on her back. (Pl.'s Br., p. 8). Notably, Plaintiff's concerns are documented in records from Dr. Cohen and Dr. Williams, R. 255-56, 307-08, as well as records from other doctors who saw Plaintiff, namely, Dr. Todd Cable, a pain specialist, and Dr. Dominic M. Cannella, a neurosurgeon. R. 151, 178. While Defendant does not address this issue regarding Plaintiff's fear of surgery specifically in his brief, he does

generally argue that the ALJ properly considered Plaintiff's subjective complaints of pain and that his assessment is supported by substantial evidence. (Comm'r.'s Br., p. 10).

The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's pain standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

In discrediting Plaintiff's subjective complaints of pain, the ALJ found that Plaintiff's "medically determinable impairment[s] could reasonably be expected to produce the alleged symptoms, but that [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." R. 17. In support of this conclusion, the ALJ noted that Plaintiff had not undergone surgery or even been hospitalized for her back pain. R. 18. The ALJ also noted that while "[Plaintiff's] rejection of low back surgery may be understandable, her refusal to have even the epidural injections suggests that her condition may not be as severe and painful as she alleges." Id.

While Plaintiff's argument regarding the ALJ's assessment of her credibility focuses solely on his statements regarding her fear of surgery, the Court notes that the ALJ also articulated other reasons in support of his credibility determination. For example, the ALJ noted that while Plaintiff has been using a cane, it was never established that the cane was medically necessary. R. 18. The ALJ also found Plaintiff's testimony that she can only walk 100 feet before she feels like she will fall and that she can only stand in place for 5 minutes was not credible. The ALJ based this conclusion on treatment notes from Dr. Tomeo which noted that Plaintiff had reportedly fallen down a 5-foot embankment, yet still had a normal range of motion and strength in both of her legs, with no joint enlargement or tenderness. R. 18, 319. In other words, the ALJ adequately articulated other sufficient reasons for discrediting Plaintiff's complaints about her pain.

However, given Plaintiff's particular concern with the ALJ's reliance on her refusal to undergo surgery or epidural injections, the Court briefly addresses it here. The Eleventh Circuit has found that allegations of disabling pain may be discounted because of

inconsistencies between such allegations and the availability of conservative medical treatment. See Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) ("[T]he ALJ's consideration of Ellison's noncompliance as a factor in discrediting Ellison's allegations of disability is adequately supported...."); see also Leblanc v. Astrue, No. 5:07cv97, 2008 WL 2557491, at *13 (finding that the ALJ properly relied on the plaintiff's failure to comply with recommendations for conservative medical treatment, such as physical therapy and the wearing of special shoes, in discrediting her allegations of disabling pain). At the same time, an intense fear of surgery may constitute good cause for refusing treatment. SSR 82-59, p. 3; see also Benedict v. Heckler, 593 F. Supp. 755, 760-61 (D.C.N.Y. 1984) (citations omitted) (noting that a "patient's fear of pain, *or fear of the surgery itself*" may be considered in considering whether an individual is justified in refusing surgery" (emphasis added)). However, an individual's fear of surgery must be reasonable. Schena v. Sec'y of Health & Human Servs., 635 F.2d 15, 19 (1st Cir. 1980); see also Jones v. Heckler, 702 F.2d 950, 954-55 (11th Cir. 1983) (citing Schena, 635 F.2d at 19).

In assessing Plaintiff's credibility, the ALJ noted that Plaintiff's fear of undergoing back surgery was "understandable," presumably relying on various records submitted by Plaintiff's doctors noting that Plaintiff's sister had undergone back surgery and ended up paralyzed as a result. R. 18, 151, 178, 255-56, 307-08; see also Schena, 635 F.2d at 19 (finding that the claimant's refusal to submit to surgery was supported by justifiable cause where several of claimant's relatives had undergone such operations "but were worse off than before"). However, the ALJ also found that Plaintiff's refusal to receive more conservative treatment such as steroid injections suggested that "her condition may not be as severe and

13

painful as she alleges." Notably, there is no evidence in the record that would provide a basis for Plaintiff's fear of more conservative, less invasive treatment. Moreover, as discussed above, case law from the Eleventh Circuit suggests that the ALJ properly relied on Plaintiff's refusal to undergo more conservative treatment in discrediting her allegations of disabling back pain. Thus, the Court finds that the ALJ adequately articulated his reasons for discrediting Plaintiff's subjective complaints of pain and that his assessment of Plaintiff's credibility is supported by substantial evidence. Accordingly, this argument also fails to provide a basis for remand.

## C. Physical Demands of Plaintiff's Former Work

Plaintiff's final argument is that the ALJ improperly characterized the physical demands of her former work and thus erroneously concluded that she was not disabled. (Pl.'s Br., pp. 9-11). In support of this argument, Plaintiff submits the opinion of Carroll A. Crawford, M. Ed., CRC, who opines that Plaintiff's former work of as a debit insurance salesperson would require her to climb steps at least 50% of the day. (Id., Ex. A). As noted above, the ALJ found that Plaintiff had the RFC to perform light work with, *inter alia*, only occasional climbing of stairs. R. 15. Plaintiff contends that climbing for as much as 50% of the day constitutes more than "occasional" climbing. (Pl.'s Br., p. 10). On the other hand, Defendant contends that Plaintiff's reliance on Mr. Crawford's opinion is misplaced and that his findings are without evidentiary support. (Comm'r's Br., pp. 12-14). Defendant has the better argument.

A reviewing court, when presented with new evidence that was never incorporated into the administrative record and presented to the Commissioner for review, may only

consider whether the new evidence necessitates remand under sentence six of § 405(g). Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267 (11th Cir. 2007). A reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994). Sentence six of § 405(g) authorizes a reviewing court to remand a case for consideration of new evidence only if the evidence is material and only if good cause exists for the claimant's failure to incorporate such evidence into the record in a prior proceeding. See 42 U.S.C. § 405(g). The Eleventh Circuit has explained the requirements for a claimant seeking remand for consideration of new evidence as follows:

> (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for the failure to submit the evidence at the administrative level.

Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986); see also Falge, 150 F.3d at 1323. The judicial determination regarding whether a remand is necessary is a *de novo* proceeding. Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986).

Here, there is no dispute that Mr. Crawford's report is new, non-cumulative evidence. The report is dated January 29, 2009, well after the opinion by the ALJ was rendered and the AC denied review, and it does not repeat the evidence currently contained in the administrative record. (Pl.'s Br., Ex. A.). However, Defendant does contest the materiality of this new evidence, arguing that it is without any evidentiary foundation. (Comm'r.'s Br., p. 13). Specifically, Defendant notes that Mr. Crawford's opinion that Plaintiff is required to climb stairs for 50% of her day is unsupported by the very sources he relies on in support

15

of his opinion. (Id.). As explained below, the Court agrees with Defendant that the newly submitted evidence is not so material as to warrant remand.

Newly submitted evidence is material if it is relevant and probative of Plaintiff's condition. See Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988); Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987); Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985). However, "[n]ot every discovery of new evidence, even if relevant and probative, will justify a remand to the [Commissioner], for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." Caulder, 791 F.2d at 876 (quoting Chaney, 659 F.2d at 679). And while it is not necessary for a different administrative result to be "likely," the Court will not issue remand to the Commissioner when there is no real possibility of a different outcome. Cf. Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994) (rejecting requirement that evidence would "likely" have changed result (quoting Chaney, 659 F.2d at 679)).

In his report, Mr. Crawford notes that Plaintiff's former work duties fit into one of two occupations, as provided in the Dictionary of Occupational Titles. As noted by Mr. Crawford, an individual performing the work of "SALES AGENT, INSURANCE" performs light, semi-skilled work that involves selling insurance to new and existing clients, maintaining a list of prospective clients, calculating premium rates, and collecting premiums. (Pl.'s Br., Ex. A, pp. 1-2). An individual performing the work of "INSURANCE COLLECTOR" also travels to individuals' residences and may be required to locate individuals who have moved or do not have a confirmed address. (Id.). After defining "light work," and briefly explaining the requirements of Plaintiff's job, Mr. Crawford concludes

that Plaintiff was required to climb steps "at least 50% of the workday[,] as well as walk on uneven surfaces [and] negotiat[e] curbs and private driveways." (Id. at 2). The final paragraph of Mr. Crawford's report reads as follows:

> The level of activity for the past work of [Plaintiff] significantly exceeds the restrictions placed on her at this time by her treating physicians. Her condition is described as a chronic problem, which requires pain management on an ongoing basis. Accordingly, it appears that [Plaintiff] is unable to meet the demands of any full time employment.

(Id.).

Notably, however, the Dictionary of Occupational Titles, which provides the descriptions of the jobs Mr. Crawford identifies as those Plaintiff previously performed, does not state that individuals performing these jobs are required to climb stairs. Thus, his conclusion that Plaintiff is required to climb stairs for at least 50% of her day is unsupported by his own sources. Furthermore, in his report, Mr. Crawford indicates that he relied on the reports of Dr. Williams and Dr. Cohen in forming his opinion. (Id. at 1). However, as discussed in detail above, the ALJ rejected the opinions of Dr. Williams and Dr. Cohen and did not accord them any special weight. In sum, Mr. Crawford's report is unsupported by his own sources and based on opinions that the ALJ had already rejected. Therefore, the Court finds that this report is not material and would not change the outcome of these proceedings. Accordingly, Mr. Crawford's report does not provide a basis for a sentence six remand.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 29th day of January, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE